## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**LARRY MAURICE BANKS, INC.**                                                  **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO. 3:06CV255LS**

**AMSOUTH BANKING, *ET AL.*, CORPORATION,**
**in their individual capacity and official capacity as a**
**corporation and JANET P. HUFFMAN, in her**
**individual capacity as Assistant Manager of AmSouth**
**Banking Branch in Webster County**                          **DEFENDANTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter came before the court on the Plaintiff's Motion to Proceed *in Forma Pauperis*. The Plaintiff, named as Larry Maurice Banks, **Inc**., is apparently a corporation that alleges that it opened a business account at the Webster County Branch of AmSouth Bank. The original deposit in the account was $50.00. The Plaintiff alleges that it wrote several checks on the account, resulting in an overdraft of $17.00, at which time the account was closed. According to the Plaintiff, the Bank violated 15 U.S.C. § 1601 by permitting the Plaintiff to overdraw his checking account on one check, thereby establishing a pattern of acquiescence to the overdraft, then closing his account after the second overdraft. The Plaintiff further alleges that it was denied equal protection under the law.

The statute permitting the filing of a suit without the prepayment of fees, 28 U.S.C. § 1915, permits an indigent "person" to apply for that permission. In most contexts, the term "person" includes corporations. 1 U.S.C. § 1. However, the United States Supreme Court has held that the term "person" in § 1915 applies only to natural persons, and not to entities such as partnerships, associations, or corporations. *Rowland v. California Men's Colony*, 506 U.S. 194, 211 (1993); *see also FDM Manufacturing Co., Inc. v. Scottsdale Insurance Co.*, 855 F.2d 213, 214 (5th Cir. 1988).

For this reason, the Plaintiff is not entitled to proceed under 28 U.S.C. § 1915, and it is the recommendation of the undersigned that the Motion to Proceed *in Forma Pauperis* should be denied and the Plaintiff required to pay a filing fee to continue this matter.

The Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 18th day of May, 2006.

                                                S/James C. Sumner
                                      UNITED STATES MAGISTRATE JUDGE